ATTORNEY GENERAL *vs.*
SCHOOL COMMITTEE OF NORTHAMPTON.

Hampshire. February 15, 1978. — April 27, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*School and School Committee,* Open meeting, Public record. *Open Meeting Law. Public Record. Privacy.*

A school committee violated G. L. c. 39, §§ 23A-23C, the open meeting law, by failing to disclose the names of candidates for the position of school superintendent who were considered by the committee at a public meeting. [129-130]

In an action against a school committee seeking a declaration that a list of applicants for a position of school superintendent was a public record within the meaning of G. L. c. 4, § 7, Twenty-sixth, where the committee made an adequate showing that some applicants' privacy might be invaded by disclosure of their names but did not show as to all applicants that disclosure would be an invasion of privacy, the judge's decision to permit or deny disclosure on an applicant by applicant basis was consistent with the basic purpose of the public record law. [131-132]

CIVIL ACTION commenced in the Superior Court on February 7, 1977.

The case was heard by *Greaney,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Francis E. Collins, Jr.,* for the School Committee of Northampton.

*Jonathan Brant,* Assistant Attorney General (*Mark Manski* with him) for the Attorney General.

*Austin Broadhurst,* for the Massachusetts Association of School Committees, Inc., amicus curiae, submitted a brief.

WILKINS, J. In 1976, the superintendent of schools of Northampton submitted his resignation. The school committee advertised for applicants for the position, received

more than ninety applications, and appointed a screening committee to select candidates to be interviewed by the full school committee. The screening committee submitted a list of sixteen candidates, describing them by number rather than by name. At a public meeting held on December 6, 1976, the school committee considered the list. The minutes of the meeting identify the candidates by number only. Subsequently, the list was reduced, by the committee or by withdrawal of candidates, to five "finalists." The school committee released the names of these five people, and interviewed each of them at a public meeting.

A reporter for a local newspaper had requested a list of all applicants and protested that the sixteen candidates considered on December 6 were disguised by referring to them by number and not by name. The school committee did not respond favorably to the reporter's request and protest. The reporter sought relief from the supervisor of public records, who, pursuant to G. L. c. 66, § 10 (b), determined that the list of applicants was "a public record as defined in G.L. c. 4, § 7, subsection 26." The school committee, however, voted to reaffirm its decision not to release the names, and the supervisor of public records asked the Attorney General to enforce his determination.

The Attorney General brought this action seeking a declaration that the list of applicants was a public record and that the failure of the school committee to disclose the names of the sixteen candidates considered at its meeting of December 6 was a violation of the open meeting law, G. L. c. 39, § 23B. A judge of the Superior Court issued a detailed and carefully prepared memorandum in which he concluded that there was a violation of the open meeting law and that, therefore, the names of the sixteen candidates considered on December 6 should be disclosed by amendment of the minutes of that meeting. He determined further that the exemption from the definition of "public records" where the disclosure might constitute an invasion of privacy (G. L. c. 4, § 7, Twenty-sixth [c]) might be applicable to some or all of the more than ninety applicants. He noted that some

of the applicants had indicated, for various reasons, that they wished their applications to be treated confidentially and that each should have an opportunity to explain why disclosure of his name might harm him. The judge, therefore, concluded that the school committee should inquire of each applicant whose name had not been previously disclosed whether he consented to disclosure of his name. The names of those who consented were to be made available forthwith. As to the others, the judge concluded that he would make individual in camera determinations of whether the applicant's privacy might be affected.

A judgment entered accordingly, from which the school committee has appealed.[1] We affirm the judgment.

1. We agree with the judge that the school committee violated the open meeting law (G. L. c. 39, §§ 23A-23C) by failing to disclose the names of those candidates considered at its December 6 meeting. We further agree with that part of the judgment directing that the minutes of the school committee's meeting of December 6 be amended to disclose the names of the sixteen candidates then considered.

The December 6 meeting was an open meeting. No attempt was made to hold an executive session as permitted in certain circumstances under G. L. c. 39, § 23B. The school committee argues that it was entitled to proceed as it did in order to protect the interests of those candidates who wished to have the fact of their applications held in confidence. The committee relies on G. L. c. 39, § 24, as amended by St. 1970, c. 78, § 2, which states that the provisions of G. L. c. 39 "shall be in force only so far as they are not inconsistent with the express provisions of any general or special law." The committee points to G. L. c. 214, § 1B, inserted by St. 1974, c. 193, § 1, which provides that "[a] person

---

[1] We know from the statement of agreed facts filed under Mass. R. A. P. 8 (d), 365 Mass. 849 (1974), that, following notification, twenty applicants wrote asking that their names not be released and sixteen applicants wrote that their names might be published. The record does not disclose whether the judge has acted with respect to the requests of individual applicants that their names not be revealed.

shall have a right against unreasonable, substantial or serious interference with his privacy."[2]

We agree that, if a candidate had a statutory right to privacy in these circumstances, the school committee was not obliged to disclose his name. However, the school committee has not shown as to any of the sixteen candidates considered at the open meeting that disclosure of his name would have been an unreasonable, substantial, or serious interference with his privacy. The judge concluded both that an applicant who reached that level of consideration would expect open and public discussion of his professional competence and that the reasons for protecting the identity of such candidates were less substantial than the reasons for protecting the identity of applicants who had not reached that level of consideration. The school committee's argument that forced disclosure in such circumstances will discourage certain potential future applications for such positions has merit as a policy consideration for the Legislature, but it alone cannot justify barring disclosure where the record does not show that disclosure would impinge on any candidate's statutory right of privacy.[3]

---

[2] Much the same considerations would have applied if the school committee had voted to go into executive session under the authority of G. L. c. 39, § 23B (7), as appearing in St. 1976, c. 397, § 6, which permits executive sessions "[t]o comply with the provisions of any general or special law."

The judge treated the school committee's procedure as equivalent to holding an executive session within a public meeting, although there is no indication that the school committee followed appropriate statutory requirements for the holding of an executive session. Such a hybrid proceeding may make sense and be consistent with the legislative purpose of having open discussion as often and as fully as possible. However, even if we assume that there was an attempt to hold an executive session within the open meeting, our holding concerning the absence of any showing of a statutory right of privacy applies equally on this record to any claim that there were grounds for holding an executive session.

[3] If, as argued in the amicus brief filed on behalf of the Massachusetts Association of School Committees, Inc., public disclosure and discussion of candidates for public positions will interfere with reasonable hiring procedures and will inhibit applications, that problem can be resolved by legislation. Otherwise, issues, including those which need not be answered in this opinion, will have to be settled on a case by case basis.

2. We turn to the question whether the list of applicants was a public record and whether the judge properly determined to make individual in camera decisions concerning each applicant's request for anonymity. The Attorney General has not appealed and, therefore, we need not consider whether more complete disclosure was required than may result under the terms of the judgment. It may fairly be said that the school committee's appeal is premature because no judgment has yet been entered directing the disclosure of the name of any person whose privacy would be infringed. However, because the matter has been briefed and argued, we consider the school committee's claim that there is an absolute bar to disclosure of the names of all the applicants.

The school committee claims that the list of applicants is not a "public record," as defined in G. L. c. 4, § 7, Twenty-sixth, as amended through St. 1973, c. 1050, § 1. The burden is on the custodian of a record "to prove with specificity" that an exemption applies. G. L. c. 66, § 10 (*c*), as appearing in St. 1973, c. 1050, § 3. See *Hastings & Sons Publishing Co.* v. *City Treasurer of Lynn,* 374 Mass. 812, 817 (1978); *Bougas* v. *Chief of Police of Lexington,* 371 Mass. 59, 61-62 (1976). The school committee contends that the list of applicants is exempt from the general definition of public records for two reasons. It argues, relying on subclause (*a*) of G. L. c. 4, § 7, Twenty-sixth, as amended through St. 1973, c. 1050, § 1, that the list is "specifically or by necessary implication exempted from disclosure by statute." Secondly, it argues that the list is exempt under subclause (*c*) of G. L. c. 4, § 7, Twenty-sixth, as amended through St. 1973, c. 1050, § 1, as "materials or data relating to a specifically named individual, the disclosure of which may constitute an invasion of personal privacy."[4]

---

[4] In its brief, the school committee makes no claim that the list constitutes "personnel . . . files or information," which also are exempted by subclause (*c*). The judge did not consider the question whether the list constituted "personnel . . . files or information." The judgment con-

As to subclause *(a)*, the school committee points to the statutory right of privacy, in G. L. c. 214, § 1B, as exempting the list from the definition of public records by necessary implication. Because subclause *(c)* itself recognizes an invasion of privacy exemption on a standard more favorable to nondisclosure than G. L. c. 214, § 1B (see *Hastings & Sons Publishing Co.* v. *City Treasurer of Lynn, supra* at 819), we need test the judgment only against the exemption of subclause *(c)*.

The judge noted that the exemption of subclause *(c)* applied to materials whose disclosure may constitute an invasion of personal privacy. He noted the distinction between this exemption and the standard of G. L. c. 214, § 1B, which refers to an "unreasonable, substantial or serious interference" with a person's privacy. He concluded that the school committee had made an adequate showing that some applicants' privacy might be invaded by disclosure of their names,[5] but he concluded that the school committee had not made a showing as to all applicants that disclosure would be an invasion of privacy. We agree with the judge's conclusion that, simply because the disclosure of some names might constitute an invasion of privacy, all names should not be suppressed. His decision to permit or deny disclosure on an applicant by applicant basis seems to us wholly consistent with the basic purpose of the public record law which presumes in favor of disclosure.

*Judgment affirmed.*

---

cerned only the names of individual applicants and not the details of the applications. We need not determine whether applications for employment are "personnel . . . files or information."

By St. 1977, c. 691, § 1, the word "unwarranted" was added to subclause *(c)* to provide an exemption only for an "unwarranted" invasion of personal privacy. The amendment weakens the school committee's claim of exemption by reducing the scope of the exemption in subclause *(c)*. The amendment, which became effective after the judgment below, seemingly would apply to the list of applicants, but we do not rely on it in reaching our decision.

[5] He noted the possible adverse effect of disclosure on an applicant's attempt to obtain future employment, on his ability to function in the job he then held, and on his standing in his community.