389 Mass. 729 (1983)
452 N.E.2d 208
DISTRICT ATTORNEY FOR THE NORTHERN DISTRICT
vs.
BOARD OF TRUSTEES OF THE LEONARD MORSE HOSPITAL.
Supreme Judicial Court of Massachusetts, Middlesex.
April 7, 1983.
July 18, 1983.
Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.
Kenneth J. Mickiewicz for the defendant.
Carol S. Ball, Assistant District Attorney, for the plaintiff.
HENNESSEY, C.J.
The issue raised in this case is whether the board of trustees of Leonard Morse Hospital (hospital) is a governmental body within the meaning of the open meeting law, G.L.c. 39, § 23A. On May 16, 1979, the district attorney for the northern district notified the trustees that his office had received a complaint alleging that the board had been violating G.L.c. 39, §§ 23A-23C. He directed them to comply with the provisions of §§ 23A-23C. When the trustees replied that they were not subject to the statute, the district attorney brought suit in the Superior Court pursuant to G.L.c. 39, G.L.c. 66, § 17, and G.L.c. 231A, § 1. Acting on cross motions for summary judgment, the *730 judge granted summary judgment in favor of the district attorney and entered a judgment declaring that the hospital is a "governmental body" for the purposes of G.L.c. 39, §§ 23A-23C. The defendants brought this appeal, arguing that the board of trustees is not a "governmental body" within the meaning of G.L.c. 39, § 23A, and that even if the board of trustees were a governmental body, the requirements of the open meeting law may not constitutionally be applied to it under the contract clause, art. 1, § 10, of the United States Constitution. We transferred the case to this court on our own motion. A majority of the court agree with the defendants that the board of trustees is not a governmental body within the meaning of the open meeting law. Thus, we reverse the judgment on this ground, and do not address the defendants' constitutional argument.
The judge found the following facts. One Mary Ann Morse died on January 11, 1891, leaving a will which devised the residue of her estate to the inhabitants of Natick, in their corporate capacity, for the purpose of establishing and maintaining a hospital.[1] The hospital was to be under the care, control, and management of a board of trustees consisting of seven persons who were to be inhabitants of *731 Natick. The first seven trustees were to be chosen by the voters at the next annual election, and each trustee would be elected to serve for a different term ranging from one to seven years. Thus, after the first election, the voters of Natick would choose at least one trustee each year at the annual election to serve a term of seven years.
At the annual town meeting in 1893, the inhabitants voted to accept the devise and bequest. At the regular annual election held in 1893, seven trustees were duly elected by the voters of Natick in accordance with the provisions of the will.
By c. 216 of the Special Acts of 1916, the trustees then in office and their successors were made a corporation with the name Leonard Morse Hospital, with all the powers and privileges and subject to all the duties, restrictions, and liabilities then or thereafter in force relating to charitable, religious, and educational corporations. No vote with respect to the adoption or approval of c. 216 was ever taken by the town. Mahoney v. Attorney Gen., 346 Mass. 709, 712 (1964).
The Massachusetts open meeting law requires that "[a]ll meetings of a governmental body shall be open to the public...." G.L.c. 39, § 23B, as amended through St. 1980, c. 220, § 3. General Laws c. 39, § 23A, as amended *732 through St. 1978, c. 372, § 9, defines "[g]overnmental body" as "every board, commission, committee or subcommittee of any district, city, region or town, however elected, appointed or otherwise constituted, and the governing board of a local housing, redevelopment or similar authority." We are aware of no judicial decision in Massachusetts addressing the nature or extent of the meaning of the term "governmental body" as used in G.L.c. 39, § 23A. In several cases §§ 23A-23C have been applied to certain entities without discussion of the meaning of "[g]overnmental body." See Ghiglione v. School Comm. of Southbridge, 376 Mass. 70, 71-73 (1978) (school committee); District Attorney for the Northwestern Dist. v. Selectmen of Sunderland, 11 Mass. App. Ct. 663, 665 (1981) (municipal board of selectmen); Yaro v. Board of Appeals of Newburyport, 10 Mass. App. Ct. 587, 587-588 (1980) (town zoning board of appeals); Nantucket Land Council, Inc. v. Planning Bd. of Nantucket, 5 Mass. App. Ct. 206, 213 (1977) (town planning board); Cole v. Brookline Hous. Auth., 4 Mass. App. Ct. 705, 709 (1976) (municipal housing authority).
A number of factors support the conclusion that the board of trustees is not a governmental body within the meaning of the open meeting law. The hospital is a charitable institution established under the will of Mary Ann Morse. In Mahoney v. Attorney Gen., 346 Mass. 709, 714-715 (1964), we concluded that, under the terms of the will of Mary Ann Morse, the board of trustees of the hospital holds exclusive control over the management of the hospital and that the town of Natick is bound by the terms of the will.[2] It is true that the trustees are elected directly by the voters of the town. Nevertheless, the means by which the members of a particular board are selected is only one factor among many to be considered in evaluating whether a particular *733 entity is a governmental body. Cf. Colonial Tavern, Inc. v. Boston Licensing Bd., 384 Mass. 372, 376 (1981) ("The fact that the Governor appoints the members of the [Boston licensing] board does not warrant a conclusion that the board acts as a State agency" rather than a local agency). Furthermore, in this case the only reason that the trustees are chosen in this manner is because the will of Mary Ann Morse, a private individual, so provided.
Other factors support the conclusion that the board of trustees is not a governmental body. The board of trustees lacks traditional governmental powers such as the power to tax, the power to take property by eminent domain, and the power to regulate coercively individual and group conduct.[3] In addition, it lacks the authority to control any other governmental authority, just as the town government of Natick is without power to control or manage the hospital. See Mahoney v. Attorney Gen., supra. Although legal title to the hospital is in the town and the town has appropriated money and issued bonds to support the hospital, we do not think that either of these considerations is sufficient to support a determination that the board of trustees is a governmental body. Legal title to the hospital is in the town only because the will of Mary Ann Morse so provided. As we have observed previously, control of the hospital remains with the trustees and not with the town. Furthermore, the fact that the hospital has received public monies is not determinative. Cf. Bello v. South Shore Hosp., 384 Mass. 770, 775 (1981).
Based on all these considerations, a majority of the court conclude that the board of trustees is not a governmental *734 body within the meaning of the open meeting law. Accordingly, the judgment is reversed and the case is remanded to the Superior Court for proceedings consistent with this opinion.
So ordered.
NOTES
[1] Article Sixth of the last will and testament of the late Mary Ann Morse provides: "All the rest, residue, and remainder of my estate, real, personal, or mixed, I give, devise and bequeath unto the inhabitants of Natick, in their corporate capacity, for the purpose of erecting, establishing and maintaining a hospital in said town for the reception and treatment of persons who may need medical or surgical attendance during temporary sickness or injury, upon such terms and under such rules and regulations as the trustees of said hospital may from time to time make for the government of the same. Said hospital shall be erected by, and shall be under the care, control and management of, a board of trustees, consisting of seven persons, who shall be inhabitants of said town and be chosen by the legal voters thereof as follows: the whole board shall be chosen at the first election, one to serve seven years, one for six years, one for five years, one for four years, one for three years, one for two years, and one for one year, and thereafter one each year to serve for seven years; and in case a vacancy shall occur in said board from any cause, said vacancy shall be filled by the remaining members of said board, until the next annual election of said town, when said vacancy shall be filled at such election. The hospital shall be called the Leonard Morse Hospital, and a tablet shall be placed in some suitable place therein with this inscription thereon, `This Hospital was established in memory of Leonard Morse by his widow, Mary Ann Morse.'

"The amount of the funds remaining after said hospital shall have been built and established shall be safely invested by said trustees in their own names, and the income thereof shall be used for the maintenance and support of said hospital in such manner as said trustees may deem best.
"It is my wish that a good and substantial hospital be built and established, having due regard to the amount which may be received under this legacy; but I deem it inexpedient to attach any conditions to this gift or to impose any unnecessary restrictions or limitations on the authority of the said trustees, having full confidence that the town in which my husband and myself lived so many years, and for which we both cherished the greatest goodwill and affection, will choose only suitable and proper persons to act as trustees, and that trustees so chosen will at all times act with fidelity, discretion, and judgment, and for the best interest of all concerned in all matters pertaining to said trust."
[2] Compare Walker v. Natick, Superior Court, Middlesex County, Civ. Action No. 80-1867 (1980) (declaring invalid a change in the town charter which shifted management and control over the hospital from the trustees to a town administrator).
[3] We need not decide today whether the term "[g]overnmental body" in G.L.c. 39, § 23A, includes only entities that exercise sovereign functions, such as the ability to tax or the power to take property by eminent domain, or whether it also encompasses entities which engage in purely proprietary functions if they are sufficiently connected with a municipality. See, e.g., State ex rel. Bd. of Pub. Utils. of Springfield, Mo. v. Crow, 592 S.W.2d 285, 288 (Mo. Ct. App. 1979); Raton Pub. Serv. Co. v. Hobbes, 76 N.M. 535, 539-540 (1966).