JOHN C. CONNELLY & others[1] *vs*. SCHOOL COMMITTEE OF
HANOVER & another.[2]

Plymouth. November 8, 1990. - January 24, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Open Meeting Law. School and School Committee*, Appointment of per-
sonnel. *Words*, "Governmental body."

A high school principal selection committee, which a town's superintendent
of schools appointed to assist him in nominating candidates for the posi-
tion of high school principal, was not a governmental body within the
meaning of the open meeting law, G. L. c. 39, § 23A, where it was not
constituted or regulated by statute or by-law, and where it was infor-
mally appointed to assist the superintendent in carrying out a task that
the Legislature permitted him to perform in his sole discretion, free
from scrutiny under the open meeting law. [234-238]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 21, 1988.

The case was heard by *William H. Carey*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Paul J. Kingston* for the defendants.

*James C. Heigham* for the plaintiffs.

*Austin Broadhurst*, for Massachusetts Association of
School Committees, Inc., amicus curiae, submitted a brief.

*Sarah Chapin Columbia*, for Massachusetts Newspaper
Publishers Association, amicus curiae, submitted a brief.

GREANEY, J. In this appeal we are asked to decide whether
the open meeting law, G. L. c. 39, §§ 23A-23C (1988 ed.),[3]

---

[1] Three other registered voters of the town of Hanover.

[2] The Hanover High School principal selection committee.

[3] The open meeting law provides, in relevant part: "All meetings of a
governmental body shall be open to the public and any person shall be

applies to the Hanover High School principal selection committee (selection committee), which was appointed by the superintendent of schools of Hanover to assist him in nominating candidates for the position of principal of Hanover High School. A judge of the Superior Court concluded that the selection committee was subject to the requirements of the open meeting law and ordered compliance. We conclude that the open meeting law does not apply to the selection committee and consequently, we reverse the judgment.[4]

In March, 1988, the principal of Hanover High School retired. It was the responsibility of the superintendent of schools to nominate and to recommend to the school committee of Hanover (school committee) a candidate for the position of principal. G. L. c. 71, §§ 38, 59 (1988 ed.). The superintendent appointed seven individuals to a selection committee to assist him in performing that statutory duty. Of the members of the selection committee, two were also members of the school committee,[5] four were employees of the school department, and one was a parent.

Sixty-eight individuals applied for the position of principal, and the selection committee met privately to screen the applications. The committee chose seven candidates for personal interviews and interviewed the seven finalists on June 9, 1988. It was decided at that same meeting to recommend one of the applicants, Thomas Nee, for the position. Believing it was not subject to the open meeting law, the selection committee conducted all its sessions in private. On June 12, 1988, after considering the selection committee's recommen-

---

permitted to attend any meeting except as otherwise provided by this section." G. L. c. 39, § 23B.

[4]We acknowledge amicus briefs filed on behalf of the school committee and selection committee by the Massachusetts Association of School Committees, Inc., and on behalf of the plaintiffs by the Massachusetts Newspaper Publishers Association.

[5]The school committee members volunteered to serve on the selection committee during a chance encounter in the superintendent's office. Despite their presence on the selection committee, we assume — and the plaintiffs make no allegations to the contrary — that the selection committee was independent of the school committee.

dation, the superintendent forwarded the recommendation to the school committee. In an open meeting on June 13, 1988, the school committee met with Nee and formally appointed him to the principal's position.

Shortly thereafter, a local newspaper, the Quincy Patriot Ledger, requested that the district attorney for the Plymouth district file a complaint pursuant to G. L. c. 39, § 23B, against the selection committee and the school committee for violation of the open meeting law. The district attorney declined to bring the suit after determining that the selection committee was not a "governmental body" under G. L. c. 39, § 23A, and, therefore, was not subject to the open meeting law. Four registered voters of Hanover (plaintiffs) then brought a complaint in the Superior Court. They sought orders compelling the selection committee to prepare and file information about the applicants and records of its meetings, in compliance with the open meeting law. The selection and school committees' motion to dismiss was denied. The judge concluded that the selection committee was a "governmental body" within the meaning of G. L. c. 39, § 23A, and that it was required to comply with the open meeting law. The judge also concluded that the "preliminary screening committee" exception of G. L. c. 39, § 23B (8), did not apply to the selection committee. A judgment in accordance with the plaintiffs' requested relief was entered. The defendants appealed, and we transferred the case to this court on our own motion.

The open meeting law applies only to "governmental bodies." See G. L. c. 39, § 23B ("[a]ll meetings of a governmental body shall be open to the public . . ."); *District Attorney for the N. Dist.* v. *Trustees of the Leonard Morse Hosp.*, 389 Mass. 729 (1983) (board of trustees of a public hospital established by a will is not a governmental body and thus is not subject to the open meeting law). See also *Nigro* v. *Conservation Comm'n of Canton*, 17 Mass. App. Ct. 433, 434 (1984). The Legislature has defined "[g]overnmental body" as "every board, commission, committee or subcommittee of any district, city, region or town, however elected, appointed

or otherwise constituted." G. L. c. 39, § 23A. With regard to this definition, the key inquiry in this case is whether the selection committee is a "committee . . . of . . . [the] town" of Hanover. For the reasons set forth below, we conclude that it is not.

We note first that the selection committee was not created pursuant to any statute or by-law, but was appointed informally by the superintendent. This factor alone sets the selection committee apart from other entities considered to be "governmental bodies" under the open meeting law, almost all of which are creatures of statute, ordinance, or by-law. See, e.g., *Pearson* v. *Board of Health of Chicopee*, 402 Mass. 797 (1988) (town board of health); *District Attorney for the Plymouth Dist.* v. *Selectmen of Middleborough*, 395 Mass. 629 (1985) (town board of selectmen); *Attorney Gen.* v. *School Comm. of Northampton*, 375 Mass. 127 (1978) (town school committee); *Yaro* v. *Board of Appeals of Newburyport*, 10 Mass. App. Ct. 587 (1980) (town zoning board of appeals); *Cole* v. *Brookline Hous. Auth.*, 4 Mass. App. Ct. 705 (1976) (town housing authority). This consideration alone is not decisive.

Of special significance is the fact that the superintendent, because he is clearly not a "governmental body," could, by himself, have accomplished the task of screening and interviewing candidates in a closed session, entirely free from the requirements of the open meeting law. This was his independent and exclusive statutory responsibility, see G. L. c. 71, §§ 38, 59,[6] and the selection committee was assembled

---

[6]General Laws c. 71, § 38 (1988 ed.), reads in part as follows:

"No election, contract, or promotion of a teacher, assistant principal, principal, department chairman, director, supervisor, assistant supervisor, school business administrator, assistant superintendent, or deputy superintendent shall be made by a school committee unless such person shall have been nominated for such election, contract or promotion by the superintendent of schools."

The relevant portion of G. L. c. 71, § 59 (1988 ed.), provides that the superintendent "shall recommend to the [school] committee teachers, textbooks, and courses of study."

merely to assist him in carrying out his responsibility.[7] We see no persuasive reason to hold that an interviewing and screening process, which is exempt from the open meeting law when carried out by the superintendent, should be subject to the law when carried out by individuals informally appointed by the superintendent to assist him.[8] The selection committee does not fall under the statute because it is not a

---

[7]This fact distinguishes this case from the situation in *Gerstein* v. *Superintendent Search Screening Comm.*, 405 Mass. 465 (1989), where the court assumed that a superintendent search screening committee established by a school committee was a "governmental body." The school committee, of course, was a "governmental body," charged with the responsibility of selecting a new superintendent and subject to the open meeting law. See *Attorney Gen.* v. *School Comm. of Northampton*, 375 Mass. 127 (1978). It follows that the screening committee to which it delegated some of that responsibility was also a "governmental body" subject to the open meeting law. See *Nigro* v. *Conservation Comm'n of Canton*, 17 Mass. App. Ct. 433 (1984) (subcommittee of conservation commission).

[8]These facts preclude any evasion of the open meeting law. The plaintiffs suggest that, if we hold the selection committee exempt, we shall encourage municipalities to have committees and boards which are otherwise subject to the open meeting law nominally appointed by "non-governmental bodies" in order to make them exempt from the law. Our conclusion does not allow that. The key to the second factor is not merely the fact that the superintendent is not a "governmental body" himself, but the fact that the selection committee is really just an extension of the superintendent, performing a function that the superintendent himself could perform free from open meeting law scrutiny. If the selection committee were otherwise subject to the open meeting law, having it nominally appointed by the superintendent would be to no avail.

We note two other points. The judge below placed great weight on a factor considered in the *Leonard Morse Hosp.* case — whether the committee has traditional governmental powers. In that case, however, the court defined "traditional governmental powers" as "the power to tax, the power to take property by eminent domain, and the power to regulate coercively individual and group conduct." *Id.* at 733. The selection committee has none of these powers.

The judge also based his decision on the proposition that "[t]he open meeting law is designed to eliminate much of the secrecy surrounding the deliberations and decisions on which public policy is based." *Ghiglione* v. *School Comm. of Southbridge*, 376 Mass. 70, 72 (1978). As already stated, however, we believe that, by placing the responsibility for nominating high school principals in the superintendent, the Legislature has intended to exempt this process from the open meeting law's requirements.

committee of the town of Hanover but a committee of the superintendent.

The plaintiffs urge, however, that because the statutory definition of "governmental body" contains the words "however elected, appointed or otherwise constituted," G. L. c. 39, § 23A, the definition is broad enough to encompass the selection committee, even though it is technically not a committee of the town. We disagree.

While the open meeting law has been applied to committees which are not technically committees of a town, these have all been committees of a "governmental body." See, e.g., *Gerstein* v. *Superintendent Screening Comm.*, 405 Mass. 465 (1989) (superintendent search screening committee established by the school committee); *Nigro, supra* (subcommittee of town conservation commission).[9] The statute is broad enough to treat these as "committees of a town." See also *id.* at 434 ("the only way to avoid stripping 'subcommittee' of all meaning in its present context is to read 'Governmental body' to include a 'subcommittee of any board, commission or committee of any city or town'"). However, the statute does not extend to committees which are not appointed by a "governmental body," and not otherwise constituted pursuant to statute, ordinance or by-law, or in some

---

[9]The Appeals Court in *Nigro, supra* at 434, read the definition of "governmental body" to include a subcommittee of a conservation commission, even though it was not technically a subcommittee of the town. That reading of the statute is consistent with our conclusion. The conservation commission was clearly a "commission . . . of any . . . city . . . or town" subject to the open meeting law, and thus it was reasonable, and consistent with legislative intent, to conclude that its subcommittee was a "subcommittee . . . of any . . . city . . . or town" subject to the open meeting law, even though it was technically a subcommittee of the *conservation commission* and not of the town. See *Gerstein, supra.* Because the superintendent is not a "board, commission, committee or subcommittee" of the town of Hanover, the selection committee which he informally and unofficially appointed to assist him in his responsibilities could not be a committee of the town either.

other official way to perform an assignment itself subject to the law.[10]

We conclude that the selection committee is not a "governmental body" for purposes of the open meeting law because it is not constituted or regulated by statute or by-law, and because it was informally appointed to assist the superintendent in carrying out a task that the Legislature permitted him to carry out in a closed session. Because the open meeting law does not apply, we need not consider the second issue raised by the defendants as to the application of the "preliminary screening committee" exception contained in G. L. c. 39, § 23B (8), to the proceedings of the selection committee.

The judgment is reversed. A new judgment is to be entered adjudging that the selection committee was not subject to the provisions of G. L. c. 39, §§ 23A-23C.

*So ordered.*

---

[10]Little legislative history is available for G. L. c. 39, § 23A. It is likely, however, that the words, "however elected, appointed or otherwise constituted," were added to the statute in 1960 in response to a 1959 opinion of the Attorney General. See St. 1960, c. 437, § 3. In that opinion, the Attorney General stated that an advisory board, authorized by statute and appointed by the commissioner of veterans' services in a given municipality to assist him, was not subject to the open meeting law. Rep. A.G., Pub. Doc. No. 12 at 80, 82 (1959). He based his conclusion on the fact that the advisory board acted "only for such assistance as the Director of Veterans' Services may request." *Id.* The language of the 1960 amendment was probably intended to bring this type of advisory board within the reach of the open meeting law. See Note, Open Meeting Statutes: The Press Fights for the "Right to Know," 75 Harv. L. Rev. 1199, 1205-1206 (1962). The amendment may not plausibly be read to bring nonstatutory bodies within the open meeting law's reach, however. The advisory board in the 1959 Attorney General's opinion, while it was appointed by a non-governmental body, was statutorily authorized, and thus could properly be called a "governmental body" under the modern version of the statute. The selection committee, on the other hand, is neither statutorily authorized nor appointed by a "governmental body."