Grasso, J.
The plaintiffs filed this action seeking to invalidate certain votes of the Chelmsford School Committee based on alleged violations of the open meeting law, G.L.c. 39, §§23A-23C, by an entity known as the AIDS Task Force (the “AIDS Task Force”). This matter is now before the court on defendants’ motion for summary judgment pursuant to Mass R. Civ. P. 56(c). For the reasons set forth below, defendants’ motion for summary judgment is allowed.
BACKGROUND
The following facts are not in dispute. On May 19, 1992, Dr. Moser (“Moser”), the Superintendent of the Chelmsford School System, informed the Chelmsford School Committee that he had appointed a fifteen-member HIV/AIDS Task Force responsible for developing ideas and recommendations for an AIDS policy for the Chelmsford School System. The AIDS Task Force met on numerous occasions between May 28, 1992 and November 16, 1992. As a result of these meetings, the AIDS Task Force developed twenty-five policy recommendations. These recommendations were presented to the School Committee at a duly noticed meeting on November 17, 1992. From these recommendations, Superintendent Moser submitted six HIV/AIDS related policies for the School Committee’s consideration. On December 29, 1992, School Committee members and administrators read the various policies aloud for the benefit of the audience and television viewers. At the May 11, 1993 School Committee meeting, Superintendent Moser announced that copies of the HIV/AIDS policies would be available to the public. At the May 18, 1993 School Committee meeting, the public was given the opportunity to come forward and address the School Committee on the recommended policies. Finally, on May 25, 1993, the School Committee adopted three of the six HIV/AIDS related policies.[3]
*462 DISCUSSION
Summary judgment shall be granted where there are “no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter oflaw.” Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Once the moving party establishes the absence of a triable issue, “the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat” the motion. Pederson, supra at 17. With respect to any claim on which the moving party for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of the element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Plaintiffs allege that the Aids Task Force is a government entity subject to the requirements of the open meeting law, G.L.c. 39 §23A. Defendants maintain that the AIDS Task Force is not a government entity within the meaning of the open meeting law. The open meeting law defines “government entity” in relevant part, as: “.. . every commission, committee or subcommittee of any district, region, or town, however elected, appointed, or otherwise constituted . . ." G.L.c. 39, §23A. To determine whether the AIDS Task Force is a government entity within the meaning of the open meeting law, this court must focus on whether the Task Force is a “committee . . . of. . . [the] town” of Chelmsford. Connelly v. School Committee of Hanover, 409 Mass. 232, 235-37 (1991). For the reasons set forth below, this court concludes that it is not.
First, the AIDS Task Force was not created pursuant to any statute or by-law, nor was it created by the School Committee. Instead, it was appointed informally by the superintendent. Second, the Task Force’s function was to develop ideas and recommendations on AIDS policy in the Chelmsford School System. This task could have been accomplished by the superintendent himself. Under G.L.c. 71, §58, a superintendent is authorized to “recommend to the [school] committee teachers, textbooks and courses of study." Id. (emphasis added). The AIDS Task Force merely assisted the superintendent in recommending a “course of study” on AIDS. The AIDS Task Force does not fall under the open meeting law because it is not a committee of the Town of Chelmsford, but a committee of the superintendent. Connelly, supra at 236-37.
Even if this court were to assume that the AIDS Task Force was a government entity within the meaning of the open meeting law, the votes taken by the Chelmsford School Committee would still be valid. The purpose of the open meeting law is to provide public access to the “decisions made by its elected officials and to the way in which decisions are reached.” Benevolent & Protective Order of Elks, Lodge No. 65 v. Planning Board of Lawrence, 403 Mass. 531, 558 (1988). Plaintiffs concede that the School Committee did not violate the open meeting law at its May 18 and May 25 meetings. The meetings were duly noticed and open to the public. At the May 18 meeting, the School Committee conducted a public hearing on the recommended AIDS education policies in order to consider both those recommendations and points of view other than those prepared by the AIDS Task Force. At the May 25 School Committee meeting, the School Committee saw fit to adopt only three of the six policies recommended by the superintendent. The School Committee exercised its own independent judgment and decided which policies to adopt and which policies to reject, rather than simply adopting the recommendations of the AIDS Task Force and the Superintendent verbatim. The May 18 and May 25 School Committee meetings accomplished the purpose of the open meeting law and arguendo also cured any earlier violations which may have occurred when the AIDS Task Force met in private. Benevolent & Protective Order of Elks, Lodge No. 65 v. City Council of Lawrence, 403 Mass. 563, 566 (1981).
The Supreme Judicial Court has held that “nothing in [G.L.c. 39] §23B empowers a court to invalidate actions taken at a meeting which complies with the requirements of the open meeting law.” Benevolent & Protective Order of Elks, Lodge No. 65 v. Planning Board of Lawrence, supra at 558. As previously mentioned, it is undisputed that the May 18 and May 25 School Committee meetings complied with the open meeting law.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment is ALLOWED.

 The three policies adopted were entitled: (1) the HIV/ADS Prevention Education Policy, (2) the Sexuality Education Policy and (3) the Public Disclosure of HIV/ADS Student Status Policy.