Fremont-Smith, J.
On or about January 9, 1995, the plaintiff, Bradley S. Giles (“Giles”) filed this civil action against the defendants, former officers and members of Alpha Epsilon Pi of the fraternity house at 38 The Fenway, Boston, arising out of injuries he suffered as a result of an assault, which left him with permanent brain damage and with no memory of the events in question. As a result of a police investigation by Boston police detective Mark Coleman, defendant Gill was indicted, tried and convicted of assaulting the plaintiff, but has subsequently been deposed in this action and denied all involvement. The other defendants have similarly disclaimed any knowledge of the incident. Seeking to ascertain information as to the events leading up to the assault and as to the identity of his assailants, plaintiff has served a notice for deposition and a subpoena duces tecum on Detective Coleman, in order to depose him regarding the contents of his investigatory file. In response, the Boston Police Department has moved for a protective order, arguing that the information sought is protected from disclosure pursuant to the investigative records exemption to the public records law, M.G.L.c. 4, §7, cl. 26(f).[1] After an evidentiary hearing and the Court’s consideration of the submissions of all of the parties, the Boston Police Department’s motion for protective order is DENIED.
*697 DISCUSSION
Although, at common law, there was a broad privilege encompassing all communications made to law enforcement officials for the purpose of securing law enforcement, the legislature in 1992 enacted M.G.L.c. 66, §10, the Public Records Statute, which requires public access to various records and documents in the possession of public officials unless otherwise exempt. In District Attorney for the Norfolk District v. Flatley, 419 Mass. 507, 510-11 (1995), the Supreme Judicial Court explained that “generally, the public records statute favors disclosure by creating a ‘presumption that the record sought is public.’ G.L.c. 66, §10(c). However, G.L.c. 4, §7, Twenty-sixth, details specific exemptions to the public records statutes, but in order for a record to qualify as exempt, the custodian of the record has the burden to ‘prove with specificity’ that the exemption applies. G.L.c. 66, §10(c); Attorney General v. School Committee of Northampton, 375 Mass. 127, 131 (1978); Bougas v. Chief of Police of Lexington, 371 Mass. 59, 61-62 (1976).” The Court went on to recognize “the absence of a blanket exemption for police records or investigatory materials” and stated that “a case-by-case review is required to determine whether an exemption applies, Reinstein v. Police Commissioner of Boston, 378 Mass. 281, 289-90 (1979), and that ‘there must be specific proof elicited that the documents sought are of a type for which an exemption has been provided . . .’ ” Id. at 512. The Court remanded the case to the Superior Court for an evidentiary proceeding to determine this.
Similarly, in Bougas v. Chief of Police of Lexington, supra, the Court remanded the case to the Superior Court for an evidentiary hearing to determine whether the investigatory file could be shown, in whole or in part, to meet the criteria of the exemption.
At the evidentiary hearing here, the investigating officer, Detective Mark Coleman, contrary to asserting that the disclosure of the contents of his investigatory file would be likely to prejudice effective law enforcement, or that its disclosure would not be in the public interest, testified unequivocally that no prejudice would result to the public or to law enforcement from disclosure of the füe. He further testified that no information in the file came from any informant who had been promised or assured that the information would remain confidential and/or that it would not be divulged.
The police department did offer an additional witness, Daniel Keeler, a detective with the Homicide Unit of the Attorney General’s Office, who testified that “crime has a tendency to repeat itself, so that law enforcement officers seek the help of the same informants time after time,” and that it was his practice, in an investigation, to assure informants that their information would be kept confidential. He admitted on cross-examination, however, that he had interviewed no persons in connection with this investigation, and had made no such assurances to any informant with respect to any information contained in Detective Coleman’s file. Moreover, no evidence was presented to indicate that the assault in question was undertaken in connection with any recurrent type of criminal activity or that there was any likelihood that any of the fraternity members who might have been involved, or have given information, would be called upon by law enforcement officials in the future to do so. Indeed, in opposing plaintiffs attempt to require the fraternity to designate a knowledgeable person for the purpose of a Rule 30(b)(6) deposition, defendants have asserted thatnone of the present officers or members ofthe fraternity have any knowledge whatsoever of the events in question, and have asserted that every knowledgeable person has by now graduated and that most have departed the Commonwealth.[2]
Accordingly, the Court finds that the Boston Police Department has not satisfied its burden of proof to indicate that, in the particular circumstances of this case, the disclosure of the investigatory materials would “probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest,” as required by M.G.L.c. 4, §7, cl. 26(f).
ORDER
For the reasons stated above, the Motion for Protective Order is DENIED and the Boston Police Department is ordered to make Detective Mark Coleman available for his deposition and to make the investigatory file of the Boston Police Department (except for COR1 material contained therein) available for production, examination and copying by plaintiff in conjunction with such deposition, such deposition and production of documents to take place at a mutually convenient time and place within thirty (30) days after receipt of this Order. Information contained in the investigatory file shall, however, be kept confidential and shall not be used or revealed except as shall be reasonably necessary for the prosecution or defense of this action.

M.G.L.c. 4, §7, cl. 26(f) exempts from disclosure “investigatory materials necessarily complied out of the public view by law enforcement or other investigatory officials, the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest.”

Based on these representations, the Court has previously denied plaintiffs motion to require the fraternity to designate a knowledgeable person for a Rule 30(b)(6) deposition.