Agnes, Peter W., J.
1. Introduction
This is a civil action in which three individual plaintiffs have brought an action in the nature of Declaratory Judgment that the defendants, see note 2, are subject to the Open Meeting law, G.L.c. 39, §23B, and damages for certain costs the plaintiffs allege they incurred solely due to the unlawful conduct of the defendants. The plaintiffs filed a motion for summary judgment, but did not comply with Superior Court Rule 9A. The papers were, returned to the plaintiffs with instructions that the original motion with original signatures on it are required. Additionally, the defendants maintain that certain documents were included in the Rulé 9A package filed with the court that were not properly served on the defendants. See Motion of Defendant, Early Childhood Sub-Committee to Compel Plaintiffs To File Documents with the Court para. 3-4. The plaintiffs haye offered to simply withdraw the additional documents and request that the court act on their motion for summary judgment. See Plaintiffs Offer of Stipulation.
2. Background
The only affidavit submitted in connection with the plaintiffs’ motion for summary judgment motion is one by Mr. Everett Cambell submitted on behalf of the defendant Early Childhood Committee. See note 2. In that affidavit, Mr. Cambell states that during the relevant time period identified by the plaintiffs in their complaint, he was working as the Assistant Superintendent of Schools in the Blackstone-Millville Regional School District. Affidavit of Cambell, para. 3. Prior to that time, while working as an elementary school principal, he along with administrators and teachers from other schools formed an “internal working group” on their own to study early childhood education. The group styled itself the Early Childhood Committee (hereafter, “the Committee”) and it established various subcommittees. It continues to operate to this day. Affidavit of Cambell, para. 4. At some point in 2002 this internal working group reported recommendations to the Blackstone-Millville regional School District on the subject of the minimum age for kindergarten education. Id. Finally, Mr. Cambell asserts that “at no time” did the defendant School Committee establish the Committee or appoint any of its members. Id., para. 5.
3.Standards Applicable to a Motion for Summary Judgment
“Summary judgment is a ‘device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.’ ” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983) (citations omitted). The function of a motion under Mass.R.Civ.P. 56 is to “pierce the boilerplate of the pleadings and assay the parties’ proof in an effort to determine whether trial is actually required.” Harris v. Harvard Pilgrim Health Care, Inc., 20 F.Sup.2d 143, 146-47 (D.Mass. 1998), citing McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). Thus, summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c)). Also, summary judgment may be granted against the moving party, and may be granted as to certain issues but not others. See Community Bank v. Dawes, 369 Mass. 550, 553 (1976).
4.
Apart from the affidavit submitted by Mr. Cambell, the only other potential facts to consider are those set forth in the verified complaint. In paragraph 3 of that complaint, the plaintiffs assert that the Committee was appointed by the School Committee. However, this assertion is based on several items of correspondence attached to the plaintiffs complaint that do not support the inference made by the plaintiffs that the Committee was so appointed. See Plaintiffs’ Complaint, Exhibit 2. This material simply establishes, as Mr. Cambell asserts, that the Committee prepared recommendations and submitted them to the School Committee. Based on the undisputed facts before the court, the Committee does not qualify as a governmental body subject to the open meeting law. See Connelly v. School Committee of Hanover, 409 Mass. 232, 237-38 (1991) (explaining that the definition of “governmental bodies” in G.L.c. 39, §23 does not include informal advisory committees and, in any case, would *430 not include committees that are not elected or appointed by a governmental body). Moreover, there is no basis for the assertion of any causal relationship between the activities of the Committee and the expenditure of funds by the plaintiffs for the cost of educating their children.
ORDER
For the above reasons, the plaintiffs’ motion for summary judgment is DENIED, and judgment shall enter in favor of the defendant Early Childhood Committee.