VIRGINIA E. PATELLE & others *vs.* PLANNING BOARD OF WOBURN & another. December 6, 1978. Although our task is made somewhat difficult by the defendants' failure to file a brief, for all that appears, the critical issue to be decided is whether the planning board was required to hold an additional public hearing when it revoked its earlier disapproval of a definitive subdivision plan (the so called Blueberry Hill 1 Extension) and then approved that plan. The plaintiffs' argument in favor of an additional public hearing is that the words "as amended" found in the second sentence of the second paragraph of G. L. c. 41, § 81U (as amended through St. 1972, c. 749, §§ 1 & 2) trigger § 81W of that chapter and that concomitant procedural requirements found in the latter section necessarily require an additional public hearing in conformity with G. L. c. 41, § 81T. It is clear that when a plan has been approved upon conditions, the failure of any of the conditions will result in automatic rescission of the approval. *Campanelli Inc.* v. *Planning Bd. of Ipswich*, 358 Mass. 798 (1970). See *Costanza & Bertolino, Inc.* v. *Planning Bd. of North Reading*, 360 Mass. 677, 681 n.3 (1971). We are thus moved by the particular circumstances of this case to decide whether a plan which has been disapproved for stated reasons should be accorded the same sort of automatic treatment. A planning board has no discretion to disapprove a subdivision plan which has been approved by the board of health and is in conformance with the reasonable rules and regulations of the planning board, *Baker* v. *Planning Bd. of Framingham*, 353 Mass. 141, 144 (1967), and, thus, the argument could be made (as the board apparently does) that it should follow as a necessary corollary that approval must be forthcoming once the legitimate grounds of disapproval (compare *Mac-Rich Realty Constr. Inc.* v. *Planning Bd. of Southborough*, 4 Mass. App. Ct. 79, 80 [1976]) are removed. As appealing as the foregoing argument appears, we cannot agree with it. If we were to agree, we would be saying that disapproval for stated reasons is the same as approval upon conditions. But cf. the *Mac-Rich Realty* case at 82 n.4. This we are not prepared to do because, among other reasons, there is no "orderly procedure" (*Cassani* v. *Planning Bd. of Hull*, 1

Mass. App. Ct. 451, 457 [1973]) for notifying interested parties in order to protect their rights of appeal. Accordingly, we conclude that the disapproval of the plan was a final action from which the developer had a right of appeal (see *Doliner* v. *Planning Bd. of Millis*, 343 Mass. 1, 5 [1961]) and upon which the objectors had a right to rely. On any resubmission of an amended plan by which the developer seeks to have the board "revoke its disapproval and approve a plan which, as amended, conforms to [the planning board's] rules and regulations or recommendations" (§ 81U), the objectors (as well as the developer) have the right to be heard on the question whether the amended plan conforms to those rules and regulations or recommendations. Compare *Strand* v. *Planning Bd. of Sudbury*, 5 Mass. App. Ct. 18, 21 (1977). Objectors are entitled to rely on the finality of a disapproval. Without a public hearing having been held on any requested revocation of disapproval, objectors would have no way of determining whether there had been a revocation of disapproval and a subsequent approval of the plan. They would thus be deprived of the opportunity to file a timely appeal under G. L. c. 41, § 81BB. Compare *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham*, 3 Mass. App. Ct. 446, 458-460 (1975). Deciding as we do, we do not reach any of the other contentions raised by the plaintiffs, although we consider them to be without merit. See *Goldman* v. *Planning Bd. of Burlington*, 347 Mass. 320, 324-325 (1964), and G. L. c. 41, § 81O. The judgment is reversed, and the case is remanded to the Superior Court Department for proceedings consistent with this opinion.

*So ordered.*

*Mark A. White* for the plaintiffs.