R. GRAY DOEBLIN & others[1] vs. TINKHAM DEVELOPMENT
CORPORATION & another[2]
(and a companion case between the same parties).

Hampshire.   April 25, 1979. — June 7, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

*Subdivision Control. Health, Board of.*

Where amendments to a subdivision plan made at a planning board's
request involved, among other things, drainage, a matter within
the purview of the board of health, the board of health, which had
approved the original plan, should have been given an opportunity
to consider the changes in the proposed plan, to make its own
analysis of any health problems which might exist and to submit
the recommendations required by G. L. c. 41, § 81U. [721-722]

TWO CIVIL ACTIONS commenced in the Superior Court
on September 4, 1974 and October 8, 1974.

The cases were heard by *Cross*, J.

*Frederick S. Pillsbury* for Tinkham Development Cor-
poration.

BROWN, J. These actions pursuant to G. L. c. 41, § 81BB,
arise from the following sequence of events. The defend-
ant Tinkham Development Corporation (Tinkham), the
owner of property in Northampton (locus), submitted a
subdivision plan for the locus in January, 1974; that plan
was approved upon a condition by the board of health but
disapproved by the defendant planning board. In June,
1974, Tinkham submitted a revised subdivision plan
amended in order to eliminate at least some of the plan-
ning board's objections to the plan first submitted. The

---

[1] Jean K. Doeblin, Sten H. Stenson, and Ellen J. Stenson.

[2] The planning board of Northampton.

planning board approved the second plan upon conditions. No copy of the second plan was ever filed with the board of health pursuant to G. L. c. 41, § 81U, nor did that board take any action upon that plan. In the interim between Tinkham's submission of the first plan and the planning board's hearing on the second plan (neither of which provided for the subdivision to be connected to a municipal sewage system) the provisions of the State Sanitary Code promulgated pursuant to G. L. c. 111, § 127A, with respect to on-site sewage disposal were amended.

The trial judge ruled that G. L. c. 41, § 81U, "generally does not require that a copy of an amended subdivision plan be resubmitted to the [b]oard of [h]ealth for its consideration," but that in the present case, since the State Sanitary Code had been amended, a copy of the second plan should have been filed with the board of health so as to enable that board to scrutinize the second plan in light of the amendments to the Code. He accordingly ordered that judgments enter annulling the planning board's approval of the second plan.

Tinkham's appeal from the ensuing judgments must fail. Regardless of the change in the State Sanitary Code, a copy of the second plan should have been submitted to the board of health pursuant to § 81U for that board's consideration. Generally the submission and disapproval for stated reasons of an earlier plan does not permit the requirements of the Subdivision Control Law concerning the approval of a definitive plan to be dispensed with as to a subsequent plan amended in response to the planning board's stated reasons for disapproving the earlier plan. See *Patelle* v. *Planning Bd. of Woburn,* 6 Mass. App. Ct. 951 (1978). In the present case, where the amendments to the original plan made at the planning board's request involve, among other things, drainage, a matter within the purview of the board of health (*United Reis Homes, Inc.* v. *Planning Bd. of Natick,* 359 Mass. 621, 623 [1971]), the board of health, whose consideration of a sub-

division plan is entirely independent of that of the planning board (*Loring Hills Developers Trust* v. *Planning Bd. of Salem*, 374 Mass. 343, 348 [1978]), must be given an opportunity to consider "the changes in the proposed plan [made at the planning board's request], [to] mak[e] its own analysis of any health problems which might exist and [to] submit [ ] the recommendations required by G. L. c. 41, § 81U," *Strand* v. *Planning Bd. of Sudbury*, 5 Mass. App. Ct. 18, 23 (1977).

We recognize that we have based our decision on a ground other than that stated by the judge in his findings of fact and rulings of law. However "[a] correct decision will be sustained even though the ground stated for it may be unsound." *Weidman* v. *Weidman*, 274 Mass. 118, 125 (1931). *Anderson* v. *DeVries*, 326 Mass. 127, 133 (1950). *Weintraub* v. *L & F Realty Co.*, 331 Mass. 711, 713 (1954). See *Alholm* v. *Wareham*, 371 Mass. 621, 626 (1976), and *O'Connor* v. *City Manager of Medford*, *ante* 615, 617-618, 619 (1979).

For the guidance of the parties on further consideration of the plan, we state our opinion that there is nothing in the present record to indicate that the changes in the provisions of the State Sanitary Code concerning on-site sewage disposal were such as to vitiate our previous decision that a board of health would be acting prematurely and unreasonably if it should take any action with respect to those provisions beyond requiring the planning board to endorse a condition on the definitive plan to the effect that no dwelling can be built on any lot without first securing the appropriate permits to build an on-site sewage disposal system. *Fairbairn* v. *Planning Bd. of Barnstable*, 5 Mass. App. Ct. 171, 183-185 (1977), overruled on other grounds by *Loring Hills Developers Trust* v. *Planning Bd. of Salem*, 374 Mass. at 348-350. See G. L. c. 41, § 81U, as most recently amended by St. 1978, c. 422, § 1.

*Judgments affirmed.*