Kevin FOLEY and Paul Brown, Plaintiffs-Appellants,

v.

Robert HAMILTON, Harry Roberts and Sevier County, Tennessee, Defendants-Appellees.

Court of Appeals of Tennessee, Eastern Section.

May 16, 1980.

Permission to Appeal Denied by Supreme Court July 28, 1980.

David B. Maxwell, Sevierville, for plaintiffs-appellants.

Gary R. Wade, Sevierville, for Robert Hamilton and Harry Roberts, defendants-appellees.

Jerry H. McCarter, Gatlinburg, for County of Sevier, defendant-appellee.

## OPINION

FRANKS, Judge.

Plaintiffs, homeowners in a subdivision, sued, among others, the developers and the county seeking a determination of responsibility for maintaining roads in the subdivision and, in the alternative, sued for damages. The chancellor, responding to motions for summary judgment, dismissed the complaint [1] on the basis it neither stated a cause of action against the developers nor the county.

We conclude the complaint is actionable and there are disputed issues of fact. We reverse and remand for trial on the merits. T.R.C.P., 56.03.

The complaint alleges that since October, 1973, roads in the subdivision have not been kept up or maintained; that the planning commission with jurisdiction over the area did not approve the subdivision; and that defendant developers in October, 1973, agreed in writing to maintain and repair the roadways in the subdivision for 18 months but did not maintain the roads pursuant to the agreement. The complaint further avers Sevier County will not maintain the roads because the developers did not comply with a county resolution establishing standards for roads.

Defendant developers in their answer raise as affirmative defenses that the planning commission gave absolute and unequivocal approval to their plan of development and the developers complied with their agreement for road maintenance for a period of 18 months and the county has maintained the roads in the subdivision and has effectively accepted responsibility for

---

1. Other defendants dismissed were the City of Gatlinburg and the Gatlinburg Regional Planning Commission. No appeal was perfected as to these parties.

road maintenance. They attached to their motion for judgment a letter from the county road superintendent which states it is standard practice for the county highway department to accept roads into the county system if they have been previously approved by the Gatlinburg Regional Planning Commission.

The subdivision lies within the Gatlinburg Regional Planning Commission's jurisdiction and according to copies of the commission's minutes, on May 17, 1973, a plat of the subdivision was presented to the commission for its approval. The plat was tentatively approved subject to a surety bond being posted for 18 months in an amount sufficient to "guarantee the maintenance and construction of roads."

The day following the commission's action on the bonding requirement, the developers executed a document labelled "Commitment for Road Maintenance", which states:

Hamilton-Roberts Company does hereby commit and undertake to maintain and keep repaired the roadways in said Huskey Grove Subdivision in adequate condition for the regular use for ordinary traffic during the period of eighteen (18) months minimum from the date hereof.

There is no indication that a bond was posted. There is a copy of a statement in the record dated October 24, 1973, addressed "To Whom It May Concern", which bears the typewritten name of "Clarence Walker, Assistant City Manager", which states, in part:

It was the opinion of the Gatlinburg Regional Planning Commission that in the event of failure of the road surface, repairs should be the responsibility of the developer rather than the county taxpayers as a whole. However, since Mr. Hamilton had attempted to comply with regulations in all other respects and since it was recognized that the steep grade on certain road sections prohibited the use of an 8-10 ton roller as specified in the

regulations, execution of a maintenance agreement would be satisfactory in lieu of posting a cash bond.

There is no minute entry in the record before us establishing that the planning commission gave final approval to the development. An averment is made that the plat for the subdivision was recorded but a copy of the plat is not in the record. T.C.A., § 13-3-402 prohibits the recording of a plat of a subdivision without approval of the regional planning commission and such approval must be endorsed in writing on the plat. Regional planning commissions are empowered to adopt regulations governing a subdivision of lands within their jurisdictions and. to include requirements in such regulations as to the manner in which roads are to be graded and improved. T.C.A., § 13-3-403. The statute allows a planning commission to tentatively approve a plat prior to the completion of improvements and states:

[I]n lieu of the completion of such work and installations previous to the final approval of the subdivision plat, the commission may accept a bond, . . . providing for and securing to the public the actual construction and installations of such improvements and utilities within a period specified by the commission and expressed in the bond.[2]

The district attorney general is granted the power and duty to enforce the bond.

The record before us does not contain the relevant regulations of the planning commission and establish whether developers have complied with the commission's standards in developing the roads in question. When a subdivision plan has been approved upon conditions, the failure to comply with the conditions will result in rescission of the approval. *Patelle v. Planning Bd. of Woburn*, —— Mass.App. ——, 383 N.E.2d 94 (1978).

Another material, disputed factual issue is whether developers complied with

2. It appears that where "final approval" is given to a subdivision development prior to completion of the improvements required by the

commission, the bonding requirement is mandatory.

the Contract of Maintenance since plaintiffs aver the developers failed to maintain the roads as agreed. Plaintiff lot owners are third party beneficiaries to the contractual obligation assumed by the developers and their rights under the written agreement are justiciable issues under the declaratory judgment law, *T.C.A.*, §§ 23–1101–1113. *See Bunns v. Walkem Development Co.*, 53 Tenn.App. 680, 385 S.W.2d 917 (1964).

■ Defendant county is an interested party within the meaning of *T.C.A.*, § 23–1107, since according to the record it is standard practice for the county to accept the responsibility for maintenance when the developers bring a road up to standards set by the planning commission, as evidenced by the commission's approval.

The summary judgments are reversed; the cause remanded to the trial court. Costs incident to the appeal are assessed against the defendant developers.

PARROTT, P. J., and GODDARD, J., concur.