BENEVOLENT & PROTECTIVE ORDER OF ELKS, LODGE No. 65, & others[1] *vs.* CITY COUNCIL OF LAWRENCE.

Essex.  September 15, 1988. — December 13, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN & LYNCH, JJ.

*Open Meeting Law. Municipal Corporations*, Open meetings. ·

Plaintiffs who alleged that certain private, individual consultations between a city council's president and other members of the council had violated the Open Meeting Law, G. L. c. 39, §§ 23A-23C, were barred from seeking an order invalidating certain subsequent council votes, where the plaintiffs did not commence their action within twenty-one days of the council's votes, the period of limitation provided by G. L. c. 39, § 23B. [565-566]

Plaintiffs who alleged that certain private, individual consultations between a city council's president and other members of the council had violated the Open Meeting Law, G. L. c. 39, §§ 23A-23C, were not entitled to an order requiring the council to comply in the future with the Open Meeting Law's provisions, where any violations had been cured by subsequent council meetings, held in compliance with statutory requirements, before the action was commenced. [566]

CIVIL ACTION commenced in the Superior Court Department on May 12, 1987.

The case was heard by *John T. Ronan, J.*, on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Philip M. Cronin (Roger D. Matthews* with him) for Benevolent & Protective Order of Elks, Lodge No. 65.

*Carol Hajjar McGravey*, City Solicitor, for the City Council of Lawrence.

---

[1] Ryder Truck Rental Company, Inc., Harold J. Brooks, Andover Business Park, Inc., Cyr Associates, and ten registered voters. Ryder Truck Rental Company, Inc., and Cyr Associates voluntarily dismissed their appeals with prejudice before oral argument.

HENNESSEY, C.J. The plaintiffs, owners of land slated to be taken under an urban renewal plan, and ten registered voters, claim that the defendant, the city council of Lawrence (city council), violated the open meeting law. G. L. c. 39, §§ 23A-23C (1986 ed.). The plaintiffs allege that a violation occurred when the president of the city council (president) spoke with other members of the city council, individually and privately, some by telephone and some in person, before the city council's public meetings on January 20 and February 17, 1987. A judge of the Superior Court granted the city council's motion to dismiss,[2] and the plaintiffs have appealed. We transferred the appeal here on our own motion and now affirm the judgment.

This case arises out of the city council's actions in approving an urban renewal plan known as the Riverfront Urban Renewal Project (project). Before bringing this complaint, a number of the plaintiffs had commenced actions against the planning board of Lawrence, the Lawrence Redevelopment Authority (LRA), and the city council seeking to enjoin the taking of land by eminent domain for the project, and seeking to invalidate certain votes of the LRA with respect to the project.[3] During the course of discovery in those actions, one of the plaintiffs, through its counsel, took the deposition of the president on April 22, 1987. He testified that, before the city council's meetings on January 20 and February 17, 1987, he had spoken with other city council members individually and privately over the telephone and in person. During these conversations, he discussed the project and asked each member how he or she intended to vote on issues related to the project. At public meetings the city council approved the project on January 20,

[2] The judge's ruling on the motion indicates that the judge considered matters outside the pleadings. Therefore, we treat the motion as if it were one for summary judgment under Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974), rather than one for dismissal under Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974).

[3] A more detailed factual background of these disputes is provided in *Benevolent & Protective Order of Elks, Lodge No. 65,* v. *Planning Bd. of Lawrence, ante* 531, 531-536 (1988), where it was alleged that the LRA rather than, as in this case, the city council violated the open meeting law in approving the project.

1987, and approved the underlying financial plan on February 17, 1987. The city council's compliance with the open meeting law at these two meetings is undisputed.

On May 12, 1987, the plaintiffs filed a complaint alleging that the private conversations with individual city council members violated the open meeting law. The plaintiffs sought an order invalidating actions the city council took at the January 20 and February 17 meetings,[4] an order requiring that any records of the private conversations be made public,[5] and an order compelling the city council to comply with the provisions of the open meeting law at all future meetings. The city council moved to dismiss the complaint for failure to state a claim because the complaint did not allege facts which showed there was an illegal "meeting" of a "quorum" of a "governmental body" as those terms are defined in G. L. c. 39, § 23A. The city council also argued that, because the meetings on January 20 and February 17 were public meetings which fully complied with the open meeting law, the judge could not invalidate actions taken at those meetings, and further argued that, because the plaintiffs filed their complaint more than twenty-one days after the actions they sought to invalidate, their complaint was barred by § 23B. The Superior Court judge allowed the city council's motion to dismiss on the ground that the complaint was untimely.

Section 23B provides a strict statute of limitations for complaints seeking to invalidate actions taken at meetings which violate its provisions. The statute allows a court to "invalidate any action taken at any meeting at which any provision of [§ 23B] has been violated, provided that such complaint is filed within twenty-one days of the date when such action is made public." *Id.* The plaintiffs' complaint sought to invalidate

---

[4] The plaintiffs also requested that the judge invalidate "any action taken at . . . any other meeting." The plaintiffs point to no specific actions they wish invalidated other than the January 20 and February 17 votes. The judge properly rejected this request.

[5] The plaintiffs do not argue on appeal that the judge should have granted this order. We therefore do not address this issue. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975).

the city council's votes at the January 20, 1987, and February 17, 1987, meetings. These votes at public meetings clearly became public immediately. The plaintiffs did not file their complaint until May 12, 1987, more than twenty-one days after the votes became public. The statute of limitations of § 23B therefore bars the plaintiffs from seeking an order invalidating the city council's votes.[6] The judge did not err in dismissing that portion of the plaintiffs' complaint seeking this order.

The plaintiffs also were not entitled to a plenary order compelling the city council to comply with the provisions of the open meeting law at future meetings. Section 23B provides that, when a governmental body fails to carry out the provisions of the open meeting law, a court "shall issue an appropriate order requiring such governmental body . . . to carry out such provisions at future meetings." We do not believe the Legislature intended courts to issue such a plenary order, unlimited in time, when a later meeting, which complies with the statute, cures the violation. Cf. *J. & C. Homes, Inc.* v. *Planning Bd. of Groton*, 8 Mass. App. Ct. 123, 125 (1979). There is no suggestion that the city council violated the open meeting law at its January 20 and February 17 meetings. These meetings concerning the project, which were open to the public and of which proper notice was given, cured any violation which may have occurred when the president privately conversed about the project with other city council members. The meetings made unnecessary an order, requested three months later, requiring that the meetings be open. The judge properly refused to consider this portion of the plaintiffs' complaint.

*Judgment affirmed.*

---

[6] Although he relied solely on the twenty-one day limitation, the judge could as well have dismissed the complaint on the premise that the court did not have the authority to invalidate actions taken at the meetings of January 20 and February 17 because the meetings complied with the requirements of the open meeting law. *Benevolent & Protective Order of Elks, Lodge No. 65,* v. *Planning Bd. of Lawrence, supra* at 557-558. See *Puglisi* v. *School Comm. of Whitman,* 11 Mass. App. Ct. 142, 145 (1981).