Toomey, J.
FINDING OF FACTS
On August 12 and September 23, 1992, plaintiff Harbyana filed applications with the Planning Board of the Town of Bolton seeking the Board’s approval of a Special Permit for a common driveway and a Special Permit for a backland lot. The Board scheduled a hearing upon the application for October 14,1992, but the hearing was continued to October 28, 1992. On that date, the applications were heard by four of the five-member Board, the Chair having recused himself because of a perceived conflict of interest, and the matter was further continued to November 18, 1992.
The November 18, 1992 Meeting
Because Board member Anthony was not present and the Chair was recused, only three members were available for the November 18, 1992 meeting and, accordingly, the matter of plaintiffs applications was not addressed during the public phase of the meeting. There was, however, some concern on the part of the three members present with respect to the prospect of litigation should the Board ultimately vote to deny the applications. Accordingly, the members repaired to private session in the company of the Board’s secretary and Town Counsel.
The subject of litigation in connection with the applications was not in fact discussed in the private session. The three members engaged in some discussion relative to the applications, but there was no “meeting of the minds” or decision made as to the disposition of the applications. The members had been advised by Town Counsel to the effect that the private session was not a fact-finding or decision-making session, but was for discussion purposes only.
The members instructed Town Counsel to prepare a document denying the applications and reciting reasons in support thereof. The document was to be employed should the Board’s ultimate determination be to deny the applications. No document approving the applications was ordered to be drawn because, in the event approval was voted by the Board, no challenge to that determination would follow and, consequently, no documentary rationalization of the Board’s decision would be required. After the private session terminated, Town Counsel drafted the document as requested by the three members.
The December 16, 1992 Meeting
The next public meeting of the Board was scheduled for December 16, 1992, a deviation, occasioned by the holiday season, from the Board’s usual practice of sitting on the second and fourth Wednesdays of each month. The Secretary of the Board had, on November 5, 1992, sent notice to the Town Clerk of the December schedule of public meetings of the Board. That notice was received by the Clerk on November 10, 1992 and was posted by her on that date. Posting was accomplished by the Clerk’s entry of the item on the December 16 block of a master calendar affixed to a ten-foot-long bulletin board. The board was positioned on an interior wall in the Houghton Building which housed many, if not all, of Bolton’s government offices and agencies. The wall was in the immediate vicinity of the entrance to the Town Clerk’s Office and was not obscured in any material fashion.[1]
The Clerk’s notation, in the December 16 block of the calendar, read, “Planning Bd 7:30 TH.” In the same block, just below the “Planning Bd” reference, was the *393 following: “Nashoba Reg. Sch. Comm 7:30 H.S.” There was no other direction presented by the calendar with respect to the locus of the Planning Board’s December 16, 1992, meeting.
The Clerk’s Office was open to the public for fourteen hours per week and the bulletin board was accessible to the public for at least those hours.[2] The bulletin board was not cluttered and no item was posted over another. It was not necessary for anyone desirous of examining the bulletin board to position himself or herself between the opened door and the board.[3]
At the December 16, 1992, meeting, four members of the Planning Board were present and engaged in about thirty minutes of public discussion on the merits of the applications. The Board reviewed the applications, the minutes of the October 28, 1992, hearing,[4] and the “draft decision" prepared by Town Counsel. The draft was viewed by the Board as advisory and not as an operative instrument. The Board then voted unanimously (four members participating) to deny the applications and the “draft decision” was presented through the Board secretary to the Town Clerk to aid her in preparation of the official decision.[5]
CONCLUSIONS OF LAW
Although the parties seem to be willing to characterize the second (private) phase of the November 18, 1992, meeting as an “executive session,” this court is not so inclined. According to G.L.c. 39, §23A an “executive session” is defined as, “any meeting of a governmental body which is closed to certain persons for deliberation in certain matters.” (Emphasis added.) The same statute defines “deliberation” as, “a verbal exchange... attempting to arrive at a decision on any public business ...” (Emphasis added.) Id. Because the instant session was not, according to the documentary evidence and the testimony offered at trial, an exercise at which the participants were “attempting to arrive at a decision,” it was not a “deliberation,” and, because the session was not a deliberative occasion, it was ipso facto not an “executive session.” Therefore, there was no requirement that the gathering comply with the procedural niceties of G.L.c. 39, §23B (third and fourth unnumbered paragraphs) and no unlawfulness will now be ascribed to its convening and its activity.
The December 16,1992 proceedings of the Planning Board are, however, of more suspect legality. While this court is satisfied that the posting of the notice of the meeting was timely (satisfying the forty-eight-hour rule of the sixth unnumbered paragraph of G.L.c. 39, §23B) and was “public” (in accordance with that same unnumbered paragraph of said §23B), there exists some concern that the content of the notice was not sufficiently informative to apprise interested parties and the public of the locus of the hearing at which the application would be granted or denied.
The composition of the notice, inserted in the December 16 block of the posted calendar page, read, in handprinting:
Planning Bd 7:30 TH
Nashoba Reg. Sch.
Comm. 7:30 H.S.
(Exhibit 4.) There was testimony that the reference to “TH” was intended to convey that the Board would meet at the Town Hall. This court is not persuaded, however, that interested parties and the public were sufficiently conversant with the Clerk’s employment of abbreviations to be on notice that ‘TH” meant “Town Hall." The suggestion of adequate notice is rendered all the more remote by the reality that most, if not all, Bolton governmental functions are conducted at the Houghton Building. That is to say, it would not be unthinkable for a reader of the December 16 block, who was not steeped in Bolton town arcana, to assume that the Houghton Building was the Town Hall. And, the neighboring reference to the “Nashoba Reg. Sch Comm. 7:30 H.S.” may well have reasonably suggested to such a reader that the Planning Board was to meet at the High School Building at the indicated hour. In sum, the court finds the notice to be insufficient to satisfy the statutory demand that,
The notice shall be printed in easily readable type and shall contain the date, time and place of such meeting
G.L.c. 39, §23B (sixth unnumbered paragraph), and will order that the requirements of said statute be strictly observed by the Town in the future. G.L.c. 39, §23B (eleventh unnumbered paragraph): J&C Homes, Inc. v. Planning Board of Groton, 8 Mass.App. 123 (1979).
That finding and order does not, however, require that the December 16, 1992 action of the Board denying the applications be invalidated. It is beyond cavil that the court’s power to invalidate is discretionary. G.L.c. 39, §23B (twelfth unnumbered paragraph) (“Such order may invalidate . . .”} (emphasis added). See also, Tebo v. Board of Appeals of Shrewsbury, 22 Mass.App.Ct. 618, 623 (1986). In the present circumstances and in the exercise of its discretion, the court deems invalidation an inappropriate remedy for the following reasons.
First, there was, on October 28, 1992, a full hearing, preceded by unchallenged notice, on the merits of the application. Present and offering an extensive submission in support of the application was plaintiff Lafferty. (See Exhibit 6.) Second, there was no evidence that any of the plaintiffs did not have actual notice of the situs of the December 16, 1992 hearing. The Court is aware that the burden of proof is on the defendants (G.L.c. 39, §23B, eleventh unnumbered paragraph), but plaintiffs’ omission to offer evidence of their ignorance of the situs (or even their non-attendance) on December 16, 1992 permits this court to draw inferences adverse to plaintiffs on that point. See cases collected at Liacos, Handbook of Massachusetts Evidence (5th Ed.) pp. 283-84. Finally, insofar as plaintiff fully participated in the Board’s October 28, *394 1992 hearing on the merits and was, presumably, aware of the subsequent continuances of the proceedings to November 18, 1992, and then to December 16, 1992, his present complaint — that he was prejudiced by the inadequate notice of the latter — is not of prer vailing weight. See, Tebo v. Board of Appeals of Shrewsbury, 22 Mass.App.Ct. 618, 623 (1986) (“We are of the opinion that public notice, made conform-ably with G.L.c. 39, §23B, sufficed for adjourned sessions ... In any event, the only session of which appellants arguably did not have actual notice was the one at which the zoning board deliberated only”).
JUDGMENT
1. The prayers for relief contained in paragraphs numbered 1, 2, 4 and 5 of Plaintiffs’ Complaint are DENIED.
2. The prayer for relief contained in paragraph 3 of Plaintiffs’ Complaint is ALLOWED.

 Although the door to the Clerk’s office, when opened, was positioned in front of the bulletin board, only about 10% of the board was behind the door, the door had a glass top permitting a full view of the 10% portion and, in any event, the calendar was located on the 90% portion wholly beyond the reach of the opened door.

 The times of public accessibility were 9:00 A.M.-1:00 P.M. on Tuesdays, Wednesdays and Thursdays and 7:00 P.M.-9:00 P.M. on Wednesdays.

 The Clerk also conveyed notice of the Planning Board’s meeting schedule to a local, weekly newspaper, but there was no evidence presented as to the date of conveyance or the contents of the notice relative to the December 16, 1992, meeting.

 At the October 28,1992, hearing, the applicant (a plaintiff here) was afforded substantial and unrestricted opportunity to make the case in support of the applications. The plaintiff took full advantage of that opportunity on October 28, 1992. There was no evidence presented as to whether or not the applicant-plaintiff or the other plaintiffs had actual notice of the December 16, 1993, meeting orwere in attendance atsaid meeting.

 Although the evidence was somewhat in conflict, I do find that the four voting members of the Board signed the official decision no later than December 17, 1992. The “draft decision” and the “official decision” did not differ in any material respect.