JOHN J. KELLY *vs.* CIVIL SERVICE COMMISSION & another.[1] No. 96-P-877. August 4, 1997. *Practice, Civil,* Interlocutory appeal. *Constitutional Law,* Use in civil proceeding of illegally obtained evidence. Further appellate review granted, 426 Mass. 1102 (1997).

The plaintiff sought judicial review of a decision of the Civil Service Commission affirming his discharge from the position of firefighter with the city of Chicopee. A judge of the Superior Court, relying on *Selectmen of Framingham* v. *Municipal Ct. of the City of Boston,* 373 Mass. 783, 787-788 (1977), vacated the decision on the ground that the commission's decision rested on illegally obtained evidence. In a prior criminal proceeding, evidence had been suppressed on the plaintiff's (then criminal defendant's) motion to suppress. Recognizing "that the hearing officer's mistaken reliance upon the inadmissible evidence, which the officer apparently found dispositive, may have deterred a full and complete presentation of evidence by the parties," the judge remanded the matter to the commission for further proceedings.

The decision of the judge is interlocutory. The city's appeal, therefore, is not properly before this court and must be dismissed. See *J. & C. Homes, Inc.* v. *Planning Bd. of Groton,* 8 Mass. App. Ct. 123, 125 (1979). "Depending on the action taken by the [commission] . . . issues which now seem important may lose their significance or even disappear altogether; if such issues retain any vitality, they may be considered on an appeal from a final judgment. . . ." *Ibid.,* quoting from *Roberts Haverhill Assocs.* v. *City Council of Haverhill,* 2 Mass. App. Ct. 715, 720 (1974).

We thus have no occasion at this time to consider the city's argument that this case is distinguishable from the *Framingham* decision, or whether the city should be bound by the order granting the motion to suppress. But see *Boston Hous. Authy.* v. *Guirola,* 410 Mass. 820 (1991). We note, however, that "[a]lthough due process may require the application of issue preclusion to bar the relitigation of a suppression order in a subsequent criminal proceeding between the same parties, there is no such requirement where the subsequent proceeding is civil." *Id.* at 827 n.9.

*Appeal dismissed.*

*Albert R. Mason,* Assistant City Solicitor, for the city of Chicopee.

*Jonathan A. Abbott,* Assistant Attorney General, for the Civil Service Commission.

*Barbara J. Sweeney* for the plaintiff.