Toomey, J.
The plaintiffs are ten registered voters in the Town of Grafton. They accuse the defendants, who comprise the Board of Selectmen of the Town of Grafton (“the Board”), of violating G.L.c. 39, §23B, the Open Meeting Law, by discussing the appointment of a new police chief prior to an open meeting on June 2, 1998. At the June 2 meeting, the Board affirmed the appointment by a vote of 3-to-2. By their complaint, the plaintiffs have asked this Court to set aside the action of the Board and order the Board to refrain from violating G.L.c. 39, §23B in the future.
The defendants admit the sole factual allegation: they discussed the pending appointment among themselves in various one-on-one conversations prior to the opening of the June 2, 1998 meeting. The defendants contend, however, that because the actual meeting on June 2, at which the Board voted to affirm the appointment, complied with the requirements of G.L.c. 39, §23B, any violation of the statute was “cured,” and the Court may not set aside the affirmation.
Alternatively, the defendants assert that the structure of the appointment and affirmation process, as set forth by the town charter, makes the issue moot. According to Article 4 Section 2(b) of the charter, the Town Administrator has the sole power to appoint the police chief. Such appointment becomes effective fifteen days after the Town Administrator sends notice of the appointment to the Board, unless within the fifteen-day period the Board votes by a majority of all its members to reject or affirm the appointment. An affirmation within the fifteen-day period makes the effective appointment valid on the date of the affirmation, rather than upon expiration of the fifteen days. If the Board takes no action on an appointment, the appointment becomes effective fifteen days after the *331 Town Administrator sends notice of the appointment to the Board, without any affirmation needed by the Board. The defendants contend, therefore, that, even if the affirmation of the Board is set aside for the reasons advanced by the plaintiffs, the terms of the town charter dictate that the appointment is valid because a void affirmation serves as the functional equivalent of no action on the appointment and more than 15 days have elapsed since the Town Administrator sent notice of the appointment.
Defendants now move for summary judgment.

DISCUSSION

This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party sufficiently suggests, by affidavit or otherwise, the absence of a triable issue, the party opposing the motion must respond and identity the existence of specific facts establishing a genuine issue of material fact. Id. at 17. The non-moving party cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts to defeat the motion. Lalonde v. Eissner, 405 Mass. 207, 209 (1989).
Benevolent & Protective Order of Elks, Lodge No. 65 v. City Council of Lawrence, 403 Mass. 563 (1988), directly addresses the central issue at bar. In that case, the president of the Lawrence City Council had several one-on-one conversations with the other members of the council prior to two open meetings at which the council voted to take the plaintiff s land by eminent domain. Id. at 564-65. In those conversations, the council president polled his fellow council members about how they intended to vote at the upcoming meetings. Id. The plaintiff filed a complaint alleging the private conversations prior to the open meetings violated G.L.c. 39, §23A, and asked the court to set aside the votes taken at the two meetings. Benevolent & Protective Order of Elks, Lodge No. 65, 403 Mass. at 565.
The Supreme Judicial Court ruled that where the meetings themselves fully complied with the requirements of G.L.c. 39, §23A (ie: properly noticed and open to the public), they “cured” any violation which may have occurred when the various council members engaged in private conversations regarding how they intended to vote at the meetings. Benevolent & Protective Order of Elks, Lodge No. 65, 403 Mass. at 566.
In the instant case, there has been no suggestion that the actual meeting of the Grafton Board of Selectmen on June 2, 1998 violated any provision of G.L.c. 39, §23A, and the matter at bar is thus controlled by Benevolent & Protective Order of Elks, Lodge No. 65, supra. The present record reflects no genuine issues of material fact and, defendants having demonstrated the merit of their position on the substantive issues raised by the complaint, summary judgment must enter for the defendants.

ORDER

For the foregoing reasons it is hereby ordered that the Defendant’s motion for Summary Judgment is ALLOWED