Muse, J.
The plaintiffs bring claims in this action arising out of defendant’s alleged violations of state laws governing meetings of governmental bodies. The complaint lists four counts: (1) alleges violations of G.L.c. 40A; (2) alleges violations of G.L.c. 39, §23B; (3) alleges violations of The Massachusetts Environmental Policy Act G.L.c. 30, §62A; and (4) asks this court to enjoin the defendants from acting in violation of G.L.c. 39, §23B and c. 30, §62A. This matter is before this court on defendant’s Pembroke Real Estate Inc. (“Pembroke”) motion to dismiss counts two and three, and defendants,’ Planning Board of the City of Melrose (“Planning Board”), motion to dismiss counts two, three, and four of plaintiffs’ claims. At hearing, the parties narrowed the argument to count two, defendants’ alleged violations of G.L.c. 39, §23B. Pursuant to Mass.R.Civ.P. 56(1), plaintiffs request this court to allow limited discovery on defendants’ alleged violations of G.L.c. 39, §23B.
BACKGROUND
This case arises out of Pembroke’s proposed development of land in Melrose, Massachusetts.[1] In order to begin the development, on October 19, 2001, Pembroke sought two special permits from the Planning Board. Specifically, Pembroke sought: (1) a special permit for multi-family residential use in a non-resi *421 dentiaUy zoned area, pursuant to Section 11.5 of the Melrose Zoning Ordinance; and (2) a design review special permit pursuant to Section 11.6 of the Ordinance.
In connection with the permit process, the Planning Board held twelve public meetings between December 4, 2001 and June of 2002. At these public meetings, Pembroke presented their proposed development project and the public was given an opportunity to voice their concerns. On June 24, 2002, at a public meeting, the Planning Board voted to grant the special permits to Pembroke.
Over the time frame of the public meetings, plaintiffs claim that private meetings occurred between representatives of Melrose and Pembroke in violation of G.L.c. 39, §23B. Plaintiffs filed this lawsuit on July 26, 2002, requesting that this court invalidate the June 24, 2002, vote of the Planning Board. Further, the plaintiffs request that this court grant emergency discovery in accordance with Mass.RCiv.P. 56(f). Defendants oppose the motion claiming that the statute of limitations of G.L.c. 39, §23B had run prior to plaintiffs filing their lawsuit and the Planning Board’s public meeting and vote of June 24, 2002, cured any alleged violations of G.L.c. 39, §23B. For the following reasons, defendants’ motion to dismiss is ALLOWED and plaintiffs’ motion for emergency discovery is DENIED.
DISCUSSION
G.L.c. 39, §23B, the Massachusetts open meeting law, provides a time frame within which a plaintiff may bring a claim for violation of the statute. In pertinent part, the statute states that the court may “invalidate any action taken at any meeting at which any provision of this section has been violated, provided that such complaint is filed within twenty-one days of the date when such action is made public.” G.L.c. 39, §23B. Plaintiffs contend that members of the Planning Board and other Melrose representatives met privately in violation of G.L.c. 39, §23B. Plaintiffs argue that Section 23B’s statute of limitations does not time bar their claims because these alleged meetings had not become public so as to allow the statute of limitations to run. Plaintiffs maintain that they need discovery to ascertain if there were violations of the open meeting law and only with this discovery will the matter become public and allow the statute of limitations to run.
At hearing, the defendants maintained that even if the secret meetings that plaintiffs have alleged did in fact occur, the plaintiffs are still time barred from bringing a Section 23B action. In fact, for purposes of this motion, the defendants conceded as true anything that the plaintiffs could find through discovery showing that the defendants had violated Section 23B. Even so, defendants argue that the Planning Board’s public meeting of June 24, 2002, cured any alleged violations of the statute, and the Planning Board members’ votes at the public meeting became public immediately, thus causing the statute of limitation to run. See Benevolent & Protective Order of Elks, Lodge No. 65 v. City Council of Lawrence, 403 Mass. 563, 565-66 (1988). (hereinafter “City Council of Lawrence”). Therefore, because the plaintiffs filed their action to invalidate the Board’s vote on July 26, 2002, the twenty-one day statute of limitations had run on their claim.
A vote by a government body at a public meeting causes the statute of limitations, encompassed in G.L.c. 39, §23B, to run on claims alleging violations of that statute. See City Council of Lawrence, at 565-66 (holding Plaintiffs claims untimely because councilors’ public meeting votes became public immediately and plaintiffs claims filed more than twenty-one days beyond that date). Moreover, alleged violations of Section 23B are cured by a subsequent public meeting. See City Council of Lawrence at 566 (holding public meeting cures past alleged violation of open meeting law); see also Benevolent & Protective Order of Elks, Lodge No. 65 v. Planning Board of Lawrence, 403 Mass. 531, 557-58 (1988) (holding past alleged violations of open meeting law did not allow court to invalidate subsequent vote taken at public meeting).
In the present case, plaintiffs allege secret meetings between Melrose and Pembroke concerning special building permits. Plaintiffs allege these meetings took place over the course of public meetings that culminated in the Planning Board’s vote of June 24, 2002, granting the special permits. Plaintiffs brought their claims more than twenty-one days after that Planning Board’s vote. This court, following the holdings of both City Council of Lawrence and Planning Board of Lawrence, is unable to invalidate the Planning Board’s votes of June 24, 2002, because, as the plaintiffs concede in their supplemental brief, those votes occurred at a public meeting.
Plaintiffs reliance on Bartell v. Wellesley Housing Authority, 28 Mass.App.Ct. 306 (1990), to bolster their claim that they are not time barred is misplaced. In Bartell the plaintiff claimed that the housing authority violated the open meeting law by making decisions concerning the plaintiff in closed meetings. Id. at 307. Some three months later the plaintiff brought an action alleging violations of the open meeting law. Id. The court there held that the action was not time barred because the housing authority did not make the decisions of their closed meetings public until they answered the plaintiffs complaint. Id. Here however, the Planning Board made any alleged closed meetings public when they voted on the issue at a public meeting. See City Council of Lawrence, at 565-66.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motions to dismiss are allowed and plaintiffs’ emergency discovery motion is DENIED.

Plaintiffs own land that abuts the proposed development.