MARY ELLEN JOHNSON *vs.* SCHOOL COMMITTEE OF SANDWICH & others.[1]

No. 11-P-858.

Barnstable. January 10, 2012. - June 7, 2012.

Present: GREEN, BROWN, & AGNES, JJ.

*Open Meeting Law. School and School Committee,* Open meetings, Superintendent of schools. *Municipal Corporations,* Open meetings.

In a civil action against a school committee and individual members of that committee, the judge erred in allowing the defendants' motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), where the school committee's alleged violation of the open meeting law, G. L. c. 39, § 23B, did not operate automatically to invalidate actions taken at the meeting at issue, and where no civil action to invalidate the meeting was commenced in a timely manner. [813-816]

CIVIL ACTION commenced in the Superior Court Department on November 1, 2010.

A motion to dismiss was heard by *Raymond P. Veary, Jr., J.*

*Paul L. Nevins* for the plaintiff.

*John J. Davis* for the defendants.

BROWN, J. The plaintiff was formerly the superintendent of public schools in the town of Sandwich. On April 28, 2010, the school committee (collectively, defendants) held a live broadcast meeting in which the plaintiff's contract extension, among other matters, was to be discussed. Concerned about time, the defendants announced their intention to revisit the plaintiff's contract on April 30, 2010, at 6:00 P.M. In addition to the oral announcement, the school committee posted a notice on its bulletin board at the high school; the upcoming meeting was also acknowledged on the front page of a local newspaper.[2] On April 30, by a vote of

---

[1]Sherry Marshall, Jessica Linehan, Marie Kangas, and Nancy Crossman.

[2]The plaintiff does not allege that, as required by the open meeting law,

four to two, the plaintiff's contract was extended and signed by all parties present, with the exception of the two dissenting school committee members.

On May 6, 2010, following a town election, a new school committee was formed. On May 18, 2010, an assistant district attorney for the Cape and Islands district issued a letter stating that the April 30 meeting violated the Commonwealth's open meeting law. The letter stated that all matters undertaken at the meeting were null and void. Several days later, the school committee's counsel "endorsed" the opinion expressed in the district attorney's letter. No complaint, however, was ever filed in court to invalidate any actions taken at the April 30 meeting. Rather, in an attempt to cure the deficiencies, the defendants held a subsequent meeting on June 16, 2010. At that meeting, the defendants elected not to renew the plaintiff's employment and specifically refused to acknowledge the previous extension of her contract.

The plaintiff commenced a civil action seeking specific performance of the employment contract, declaratory relief, relief in the nature of mandamus, and damages on theories of breach of contract and intentional interference with contractual relations. The defendants brought a motion to dismiss pursuant to Mass.R. Civ.P. 12(b)(6), 365 Mass. 754 (1974), which the judge allowed. We conclude it was error to allow the defendants' motion, as the plaintiff made sufficient allegations within her verified complaint to overcome that motion.[3] See *Iannacchino* v. *Ford Motor Co.*, 451 Mass. 623, 635-636 (2008).

General Laws c. 39, § 23B, requires that all meetings of governmental bodies be open to the public and that adequate

notice of the critical meeting was "publicly posted in the office of [the town] clerk or on the principal official bulletin board of such . . . town" "at least forty-eight hours" before the meeting. See G. L. c. 39, § 23B, sixth par., inserted by St. 1975, c. 303, § 3. We note that G. L. c. 39, §§ 23A-23C (statute), has since been repealed. See St. 2009, c. 28, § 20, effective July 1, 2010. The present matter is governed by the statute as in effect before July 1, 2010.

[3]When the opportunity arises, rather than moving to dismiss, parties ought to include affidavits or depositions to elevate the case to the summary judgment stage. See *Kirkland Constr. Co.* v. *James*, 39 Mass. App. Ct. 559, 564-565 (1995) (Brown, J., concurring). Here, the plaintiff's verified complaint could have been treated as a step toward that result.

notice be given unless an exception applies. If a violation occurs, the statute authorizes specific individuals to rectify noncompliance by filing a complaint with the Supreme Judicial Court or the Superior Court.[4]

The judge went beyond the pleadings to conclude that the public did not have sufficient knowledge of the April 30 meeting, and that in general, high school bulletin boards are of "uncertain accessibility," and notices thereon, as well as newspaper stories about upcoming public meetings, are inadequate.[5] As the case was decided on a rule 12(b)(6) motion, the judge could not look beyond the allegations set out in the complaint and the exhibits attached thereto. See *Schaer* v. *Brandeis Univ.*, 432 Mass. 474, 477 (2000). The judge's findings were premature and limited the plaintiff's ability to argue both the propriety of the notices and, if they were in fact inadequate, whether the violations were de minimis.[6]

The plaintiff argues that even if the April 30 actions violated the open meeting law, the violation did not operate automatically to invalidate the actions. Instead, the plaintiff contends, judicial intervention was necessary to invalidate her contract extension. We agree.

Statutory text is the "principal source of insight into the legislative purpose." *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977). Courts must follow unambiguous statutory language "unless 'following the Legislature's literal command would lead to an absurd result, or one contrary to the Legislature's

---

[4]A complaint may be brought by "three or more registered voters, by the attorney general, or by the district attorney of the county in which the city or town is located." G. L. c. 39, § 23B, eleventh par., as amended by St. 1976, c. 397, § 6.

[5]These findings were made without any information on the record describing the normal protocol the defendants engaged in when publishing notices about future meetings. See *Freedman* v. *Freedman*, 49 Mass. App. Ct. 519, 521 (2000).

[6]The defendants do not suggest that the notice of the April 28, 2010, meeting was inadequate. As to the April 30 meeting, the judge observed that because the meeting recessed on April 28, 2010, at 9:42 P.M. and reconvened on April 30, 2010, at 6:00 P.M., any public notice posted after 6:00 P.M. on April 28 failed to give the forty-eight hours' notice required by the statute. See G. L. c. 39, § 23B, sixth par. But see *Tebo* v. *Board of Appeals of Shrewsbury*, 22 Mass. App. Ct. 618, 623 (1986), *S.C.* sub nom. *Worcester Sand & Gravel Co.* v. *Board of Fire Prevention Regulations*, 400 Mass. 464 (1987).

manifest intention.' " *Providence & Worcester R.R.* v. *Energy Facilities Siting Bd.*, 453 Mass. 135, 142 (2009), quoting from *White* v. *Boston*, 428 Mass. 250, 253 (1998). The open meeting law states, in § 23B, tenth par., that the district attorney "shall enforce the provisions of this section" but then immediately acknowledges, in § 23B, eleventh and twelfth pars., the court's authority to invalidate actions taken in an unlawful meeting upon proof of a violation.[7]

The normal protocol to invalidate actions is to file a complaint. See and compare *District Attorney for the N. Dist.* v. *School Comm. of Wayland*, 455 Mass. 561, 562 (2009); *Puglisi* v. *School Comm. of Whitman*, 11 Mass. App. Ct. 142, 143 (1981); *District Attorney for the N.W. Dist.* v. *Selectmen of Sunderland*, 11 Mass. App. Ct. 663, 663 (1981). See also *Bartell* v. *Wellesley Hous. Authy.*, 28 Mass. App. Ct. 306, 309-310 (1990) (statute authorizes courts to order actions taken in violation of the open meeting law to be invalidated; the particular remedy for a violation is a matter for the exercise of sound judicial discretion).

Such complaints must be filed timely. In *Benevolent & Protective Order of Elks, Lodge No. 65* v. *City Council of Lawrence*, 403 Mass. 563, 565-566 (1988), the Supreme Judicial Court opined that the city council's actions in violation of the open meeting law would not be invalidated because the complaint was untimely and beyond the twenty-one day time frame. See *id.* at 565 ("Section 23B provides a strict statute of limitations for complaints seeking to invalidate actions taken at meetings which violate its provisions. The statute allows a court to invalidate any action taken at any meeting at which any provision of [§ 23B] has been violated, provided that such complaint is filed within twenty-one days of the date when such action is made public" [quotation omitted]). See also *McCrea* v. *Flaherty*,

---

[7]The statute provides that, "[u]pon proof of failure by any governmental body or by any member or officer thereof" to comply with the provisions of the open meeting law, the courts "shall issue an appropriate order requiring such governmental body or member or officer thereof to carry out such provisions at future meetings . . . ." G. L. c. 39, § 23B, eleventh par. Section 23B continues, "Such order may invalidate any action taken at any meeting at which any provision of this section has been violated, provided that such complaint is filed within twenty-one days of the date when such action is made public." G. L. c. 39, § 23B, twelfth par., as amended by St. 1978, c. 372.

71 Mass. App. Ct. 637, 638 n.3 (2008) (Superior Court judge refused to invalidate a city council vote because the plaintiffs did not file their action within twenty-one days).

To collaterally attack a defect for the purpose of invalidating actions, only three parties can bring an action. See note 4, *supra.* As previously noted, no such complaint to invalidate the April 30 meeting was filed within the twenty-one-day window. The district attorney's office was put on notice of the violation and had the opportunity to file a complaint to invalidate the contract. Instead, it offered an opinion letter with no legal effect. The judgment therefore must be reversed.

Deciding as we do, there is no need to discuss the correctness of the denial of the plaintiff's motion to amend, see *Vakil* v. *Vakil,* 450 Mass. 411, 417 (2008), or to comment on the plaintiff's allegations relating to the tort of intentional interference with contractual relations. See *Harrison* v. *NetCentric Corp.,* 433 Mass. 465, 476 (2001).

*Judgment reversed.*